# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23623-COOKE/DAMIAN

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY, and
GEICO CASUALTY CO.,

      Plaintiffs,

vs.

COMPASS MEDICAL CENTERS INC.,
JB HOLDINGS GROUP LLC, and
JOSHUA A. RIVERA,

      Defendants.

_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFFS' MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS COMPASS MEDICAL CENTERS INC., JB HOLDINGS GROUP LLC, AND JOSHUA A. RIVERA [ECF NO. 61]

THIS CAUSE is before the Court on Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "GEICO" or "Plaintiffs"), Motion for Default Final Judgment against Defendants, Compass Medical Centers Inc. ("Compass"), JB Holdings Group LLC ("JB Holdings"), and Joshua A. Rivera ("Rivera") (collectively, the "Defaulted Defendants"), filed August 15, 2022 [ECF No. 61] (the "Motion"). This matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, on behalf of the Honorable Marcia G. Cooke, United States District Judge, for a Report and Recommendation. [ECF No. 64]. *See* 28 U.S.C. § 636(b).

The undersigned has considered Plaintiffs' Motion and supporting documents and the pertinent portions of the record. Defendants did not file a response to the Motion, and the time to do so has passed. For the following reasons, it is recommended that Plaintiffs' Motion for Default Final Judgment [ECF No. 61] be granted in accordance with this Report and Recommendation.

## I.   BACKGROUND

### A. *Factual Background*

As alleged in the Complaint, GEICO is an insurance provider that provides no-fault personal injury protection ("PIP") insurance coverage. *See generally* ECF No. 1 (the "Complaint"). In the Complaint, GEICO alleges the Defendants in the lawsuit wrongfully obtained more than $2,100,000.00 from GEICO by submitting, and causing to be submitted, thousands of fraudulent no-fault PIP charges relating to medically unnecessary, illusory, unlawful, and otherwise non-reimbursable health care services that were purportedly provided to Florida automobile accident victims who were eligible for coverage under GEICO no-fault insurance policies. *Id*.

The Complaint named six Defendants, all of whom Plaintiff alleges were jointly engaged in a scheme to submit fraudulent bills for medical services paid by GEICO.

### B. *Procedural Background*

On October 15, 2021, GEICO initiated this action against all of the named Defendants seeking damages and declaratory relief. Based on the allegations in the Complaint, GEICO asserts claims against Defendants for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 (Count 1); racketeering conspiracy violations under 18 U.S.C. § 1962(c) ("RICO") (Counts 2, 6, 10 and 11); violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA") (Counts 3, 7 and 12); common law fraud (Counts 4, 8 and 13);

and unjust enrichment (Counts 5, 9 and 14). *See* Complaint at ¶¶ 490–588. Through these claims, GEICO sought to recover more than $2,100,000.00 it allegedly paid on fraudulent and unlawful PIP billing submitted to GEICO. *Id.* at ¶ 1.

In April 2022, GEICO notified the Court that it had reached a settlement with three Defendants, M. Rahat Faderani, D.O., Dr. Rahat Faderani, DO, MPH, PA, and Atlas Medical and Orthopedics, LLC [ECF No. 50], and GEICO's claims against those Defendants were dismissed with prejudice pursuant to a Stipulation of Dismissal filed May 31, 2022. [ECF No. 55]. On June 15, 2022, GEICO notified the Court that it had settled with Defendant Ernesto Montesino, M.D. [ECF No. 56], and GEICO's claims against Defendant Montesino were dismissed without prejudice pursuant to a Stipulation of Dismissal filed on September 28, 2022. [ECF No. 62]. And, on July 14, 2022, GEICO notified the Court that it had settled with Defendant France T. Occy, D.O. [ECF No. 58], and all claims against Defendant Occy were dismissed without prejudice on October 18, 2022, pursuant to a Stipulation of Dismissal. [ECF No. 63].

Meanwhile, GEICO alleges the remaining three Defendants, Compass, JB Holdings, and Rivera, failed to respond or otherwise appear and, on March 2 and 9, 2022, requested the entry of Clerk's Defaults against these Defendants. [ECF Nos. 44 and 47]. The Clerk entered Default as to Defendant Compass on March 2, 2022 [ECF No. 45], and as to Defendants JB Holdings and Rivera on March 9, 2022. [ECF No. 48]. GEICO filed the Motion for Default Final Judgment now before the Court on August 15, 2022. [ECF No. 61].

As of the date of this Report, the Defaulted Defendants have not responded to the Complaint, the Motion, nor any other filings in this case. Nor has any attorney made an appearance on any of these Defaulted Defendants' behalf.

## II.     APPLICABLE LEGAL STANDARDS

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). "[E]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)). Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *Surtain*, 789 F.3d at 1245. Thus, before entering a default judgment, a court must ensure that the well-pled allegations in the complaint (which are taken as true due to the default) state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (Cohn, J.) (citation omitted). Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when . . . additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017). Therefore, where the record adequately supports an award of damages, an evidentiary hearing is not required. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also PetMed*

4

*Express*, 336 F. Supp. 2d at 1217, 1223 (finding an evidentiary hearing unnecessary because plaintiff was seeking statutory damages under the Lanham Act); *Luxottica Grp. S.p.A. v. Casa Los Martinez Corp.*, No. 14-22859, 2014 WL 4948632, at *2 (S.D. Fla. Oct. 2, 2014) (Lenard, J.) (same).

## III.   DISCUSSION

With the foregoing in mind, the undersigned turns to the allegations in the Complaint and the requested relief with regard to the Defaulted Defendants.

### A. *Claims And Allegations*

GEICO seeks a default judgment against the Defaulted Defendants with respect to the following Counts in the Complaint:

(i)      Count 1 against Compass for a declaratory judgment (Compl. at ¶¶ 490–93);

(ii)     Count 12 against the Defaulted Defendants for violation of the FDUTPA, Fla. Stat. 501.201 *et. seq.* (Compl. at ¶¶ 568–76);

(iii)    Count 13 against the Defaulted Defendants for common law fraud (Compl. at ¶¶ 577–82); and

(iv)     Count 14 against the Defaulted Defendants for unjust enrichment (Compl. at ¶¶ 583–88).

*See* Motion at 1.[1]

GEICO sets forth the facts supporting the claims and the damages sought against the Defaulted Defendants in detail in the Complaint and in the Declaration of Victoria Spring ("Spring Declaration"), submitted in support of the Motion. [ECF No. 61-1].

---

[1] The undersigned notes that GEICO is not seeking a default on its RICO claims in Counts 10 and 11 against Defendants JB Holdings and Rivera.

As set forth more fully in the Complaint, the Motion, and the Spring Declaration, GEICO alleges that Compass, JB Holdings, and Rivera, together with their co-Defendants M. Rahat Faderani, D.O. ("Faderani"), France T. Occy, D.O. ("Occy"), and Ernesto Montesino, M.D. ("Montesino"), submitted a significant amount of fraudulent and unlawful no-fault ("no-fault", "personal injury protection", or "PIP") insurance billing through Compass to GEICO. *See* Complaint at ¶¶ 48–489. GEICO alleges that Rivera owned and controlled JB Holdings, which, in turn, owned Compass, and that Rivera allegedly used Compass as a vehicle to submit fraudulent and unlawful PIP insurance billing to GEICO and other insurers. *See id.* Because Compass was a healthcare clinic, Rivera needed a licensed physician to serve as Compass's medical director in order to operate Compass and use Compass as a vehicle to submit PIP billing to GEICO and other insurers. *See id*. Therefore, GEICO alleges Rivera recruited Occy, who falsely purported to serve as medical director at Compass. *See id.*

As alleged in the Complaint, Rivera later recruited another physician, Montesino, to falsely pose as Compass's medical director. According to the Complaint, Compass, JB Holdings, and Rivera, together with their co-Defendants, purportedly provided medically unnecessary, unlawful, and otherwise non-reimbursable healthcare services, including a large number of pain management injections and nerve destruction procedures that were performed by Faderani in violation of permanent restrictions on his medical license imposed by the Florida Board of Medicine. *See id*.

As also set forth in the Complaint, GEICO alleges that Compass, JB Holdings, Rivera, and their co-Defendants operated Compass in pervasive violation of the permanent restrictions on Faderani's medical license, billed for medically unnecessary and illusory

services, and falsely represented that the services were medically warranted, and in some cases, that they actually were provided in the first instance. *See id.* GEICO also alleges that co-Defendants Occy and Montesino never legitimately served as Compass's medical directors because, had they done so, they would have observed and put an end to the pervasive fraud and unlawful activity at Compass. *See id.* at ¶¶ 72–85. By extension, according to the Complaint, all of the PIP billing that Compass, JB Holdings, Rivera, and their co-Defendants submitted through Compass to GEICO falsely represented that the services billed through Compass were lawfully provided, that Compass was in compliance with the operating requirements of the Florida Health Care Clinic Act (the "Clinic Act"), and that Compass was entitled to reimbursement on the PIP charges, when Compass was not. *See id.*

Based on these allegations, GEICO asserts claims against Compass, JB Holdings, and Rivera for, among other things, violation of the FDUTPA, common law fraud, and unjust enrichment. *See* Complaint at ¶¶ 490–588. Through these claims, GEICO seeks to recover the money it already has paid on the fraudulent PIP billing that the Defendants submitted, or caused to be submitted, through Compass to GEICO. In addition, GEICO seeks a declaratory judgment, to the effect that Compass may not collect on any of their outstanding PIP insurance billing, because of the fraud alleged in the Complaint. *See id.*

### B. *Liability And Requested Relief*

Based upon a review of the record, as set forth below, the undersigned finds the well-pled factual allegations of the Complaint properly contain the elements for each of the above claims and are admitted by virtue of Defendants' defaults. *See* Compl. at ¶¶ 490–493, 568–588. Moreover, the Complaint's factual allegations have been substantiated by the Spring Declaration and other evidence and establish the Defaulted Defendants' liability for each of

the claims for which GEICO seeks default judgment. GEICO requests an award of declaratory relief and monetary damages against the Defaulted Defendants. The undersigned considers the requested relief as to each of GEICO's claims against the Defaulted Defendants.

### 1.  Count 1 – GEICO's Declaratory Judgment Against Compass

A review of the Complaint and supporting documents demonstrates that GEICO has sufficiently stated facts to support its Declaratory Judgment claim against Compass. As set forth above, the Complaint sufficiently alleges that Compass was never – and is not – entitled to collect PIP benefits because it operated in violation of the Clinic Act, billed for healthcare services that were performed by unsupervised masseuses, and misrepresented the nature and extent of the underlying healthcare services and whether they were performed in the first instance.

Courts within the Eleventh Circuit have permitted insurers to obtain declaratory judgments to the effect that they are not liable to pay outstanding PIP bills as a result of a healthcare provider's fraud or violations of Florida law. *See, e.g.*, *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1330 (11th Cir. 2016) (holding if a plaintiff-insurer showed that a clinic was operating in violation of the Clinic Act, then the plaintiff-insurer is "entitled to recover the amounts it paid to the [clinic] and obtain a declaratory judgment that it is not required to pay the [clinic] for outstanding bills that originated during the violation period") (citing *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579, 584 (11th Cir. 2013) (holding "[u]nder Florida law [an insurer] [is] entitled to seek a judicial remedy to recover the amounts it paid [to a clinic operating in violation of the Clinic Act] and to obtain a declaratory judgment that it is not required to pay [the clinic] the amount of the outstanding bills")).

Thus, the Court may issue a declaration as part of a default final judgment to the effect that an insurer is not liable to pay outstanding bills for PIP benefits submitted by a clinic where the clinic was operating in violation of the Clinic Act or other important provisions of Florida law. *See, e.g.*, *Gov't Emps. Ins. Co. v. A & C Med. Ctr. Servs. Corp.*, No. 18-cv-24198, Default Final Judgment (Docket No. 181) (S.D. Fla. May 26, 2020) (Martinez, J.) (in PIP fraud case that was substantially similar to the present case, granting GEICO default final judgment on claim for declaratory judgment to the effect that healthcare clinics had no right to receive payment on their outstanding PIP billing because of their violations of Florida law, including the Clinic Act's medical director requirements); *State Farm Mut. Auto. Ins. Co. v. Miami Med. Care Ctr., Inc.*, No. 15-cv-22660, 2016 WL 6962872, at *5 (S.D. Fla. Nov. 29, 2016) (Gayles, J.) (granting default final judgment in favor of State Farm that included a declaration that State Farm was not obligated to pay PIP benefits because the defendants were not in compliance with the Clinic Act); *State Farm Mut. Auto. Ins. Co. v. A & J Med. Ctr., Inc.*, No. 14-20066-CIV, 2015 WL 4387946, at *4 (S.D. Fla. June 24, 2015) (Altonaga, J.) (granting default final judgment in favor of State Farm that included a declaration that State Farm was not obligated to pay PIP Benefits for bills submitted by the defendants that had not been paid because the defendants failed to abide by the medical director requirements of the Clinic Act and submitted billing to State Farm that was false, misleading, and deceptive).

It likewise is appropriate for a district court to issue a declaration to the effect that a plaintiff-insurer is not liable to pay outstanding charges for PIP benefits when – as alleged in the present case – the charges misrepresented the nature and extent of the services. *See Gov't Emps. Ins. Co. v. Quality Diagnostic Health Care Inc.*, No. 18-20101-CIV, 2019 WL 11687706, at

*7–8 (S.D. Fla. Dec. 20, 2019) (Martinez, J.) (granting summary judgment in favor of GEICO, which included a declaration that GEICO need not pay any pending charges from the defendant-healthcare clinic because the examination charges were "upcoded" and misrepresented the nature and extent of the physical examinations, and the physical therapy charges were for services unlawfully performed by an unsupervised massage therapist); *see also A & C Med.*, No. 18-cv-24198 (S.D. Fla. May 26, 2020) (granting default judgment on declaratory judgment claim, based on these same considerations).

As set forth in the Spring Declaration, Compass submitted PIP billing to GEICO that has not been paid, and the Defaulted Defendants are trying to collect thousands of dollars in outstanding billing. *See* Spring Decl. at ¶ 6. Thus, the undersigned finds there is also a genuine case or controversy with respect to this billing.

Accordingly, the undersigned finds that GEICO is entitled to a declaratory judgment that Compass has no right to receive payment for any pending bills submitted to GEICO because of the fraudulent and unlawful activity detailed in the Complaint.

### 2. Count 12 – GEICO's FDUTPA Claims

A plaintiff-insurer may recover damages under the FDUTPA based on evidence that a defendant misrepresented a healthcare clinic's compliance with the Clinic Act, the nature and extent of healthcare services, and the medical necessity of healthcare services. *See, e.g., Gov't Emps. Ins. Co. v. Gomez-Cortes*, No. 20-21558-Civ, 2022 WL 820377 (S.D. Fla. Jan. 20, 2022) (Torres, J.), *report and recommendation adopted*, 2022 WL 2817961 (S.D. Fla. July 19, 2022) (Williams, J.) (in PIP fraud case with facts similar to the instant case, granting GEICO's motion for final default judgment on FDUTPA claims against defendants who engaged in a deceptive act by "misleading GEICO into believing that it had an obligation to pay the Clinic

10

Defendant's bills for PIP benefits even though they were in violation of the Clinic Act"); *State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C.*, 9 F. Supp. 3d 1303, 1312–13 (M.D. Fla. 2014) (observing that the FDUTPA is to be "liberally construed" and rejecting motion to dismiss plaintiff-insurer's FDUTPA claims based on PIP fraud scheme).

The undersigned finds that GEICO has sufficiently alleged facts to support its claims that Compass, JB Holdings, and Rivera violated the FDUTPA. To state a claim under FDUTPA, a plaintiff must show: "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." *State Farm Mut. Auto. Ins. Co. v. First Care Sol., Inc.*, 232 F. Supp. 3d 1257, 1268 (S.D. Fla. 2017) (Gayles, J.). In this context, "[a] deceptive act or practice is one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* (internal quotations and citation omitted). "Fraudulent conduct in the context of billing for PIP benefits qualifies as a deceptive act for purposes of FDUTPA." *Id.* (citations omitted).

In the present case, the Defaulted Defendants' conduct was deceptive because it was likely to – and did – mislead GEICO into believing that it had an obligation to pay Compass's bills for PIP benefits. Moreover, the Defaulted Defendants' deceitful conduct amounted to unfair practices because: (i) it offended established public policy, as set forth in the Clinic Act, and the PIP billing standards set forth in the Florida No-Fault Law; and (ii) it was unscrupulous and substantially injurious to consumers – not only GEICO, but also the patients who visited Compass who expected legitimate treatment and then received – among other things – falsified "examinations," medically unnecessary pain management injections,

11

and nerve destruction procedures that were performed by Faderani in violation of the permanent restrictions on his medical license under the auspices of fake "medical directors."

As set forth in the Spring Declaration, GEICO was actually damaged as a result of this conduct because it paid large amounts of PIP benefits as a result of the fraudulent and unlawful claims that the Defendants submitted through Compass.

Accordingly, GEICO has shown it is entitled to default final judgment on its FDUTPA claims. *See A & C Med.*, No. 18-cv-24198, Default Final Judgment (Docket No. 181) (S.D. Fla. May 26, 2020) (Martinez, J.) (granting GEICO default judgment on nearly identical FDUTPA claims based on a substantially similar PIP fraud scheme); *Quality Diagnostic*, 2019 WL 11687706, at *8–9 (granting GEICO summary judgment on FDUTPA claim against physicians and others who engaged in a substantially similar PIP fraud scheme); *First Care*, 232 F. Supp. 3d at 1268–69 (granting summary judgment on FDUTPA claim, where the defendant "engaged in unfair and deceptive acts and practices . . . by unlawfully operating [a] medical clinic[] to obtain payments for PIP benefits that State Farm had a statutory right to deny as unlawfully rendered" and where "[t]hese deceptive acts and practices resulted in harm to Plaintiffs, Plaintiffs' insureds, and the public as a whole") (internal quotations and citation omitted).

### 3.   Count 13 – GEICO's Common Law Fraud Claims

The undersigned finds that the Complaint sufficiently alleges facts to show that GEICO is entitled to default judgment on its claims for common law fraud. To establish a *prima facie* case of common law fraud, a plaintiff must show "(1) a false statement or misrepresentation of material fact; (2) the representor's knowledge at the time the misrepresentation is made that the statement is false; (3) an intention that the

misrepresentation induce another to act; (4) action in justifiable reliance on the representation; and (5) resulting damage or injury." *MeterLogic, Inc. v. Copier Sols., Inc.*, 126 F. Supp. 2d 1346, 1363 (S.D. Fla. 2000); *see also Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1322–23 (S.D. Fla. 2009).

As set forth above, the Defaulted Defendants submitted, or caused to be submitted, bills through Compass to GEICO that contained various types of fraudulent misrepresentations. By defaulting, the Defaulted Defendants have admitted that the bills they submitted, or caused to be submitted, included these misrepresentations. The well-pled facts in the Complaint – admitted as the result of the Defaulted Defendants' default – likewise establish their scienter and GEICO's justifiable reliance. *See, e.g., Quality Diagnostic*, 2019 WL 11687706, at *9 (granting GEICO summary judgment on fraud claim based on substantially similar undisputed facts, noting that these undisputed facts established the defendants' scienter, and noting that "GEICO was entitled to rely upon Defendants' PIP claims") (quoting *Suite 225, Inc. v. Lantana Ins. Ltd.*, 625 F. App'x 502, 508 (11th Cir. 2015) (agreeing with lower court decision that found "absurd" an insured's argument that insurer "should have conducted a more thorough investigation" and agreeing further that "the insurer is entitled to rely on the representations of an insured, without checking all its files to determine if the insured is committing a fraud")).

The Spring Declaration sets forth the damages GEICO suffered as the result of GEICO's reliance on the Defaulting Defendants' misrepresentations. *See* Spring Decl. at ¶ 5.

Accordingly, the undersigned finds that GEICO is entitled to default judgment on its claims for common law fraud against the Defaulted Defendants. *See A & C Med.*, No. 18-cv-24198, Default Final Judgment (Docket No. 181) (S.D. Fla. May 26, 2020) (granting GEICO

default judgment on nearly identical common law fraud claims based on a substantially similar PIP fraud scheme); *Palterovich*, 653 F. Supp. 2d at 1322–24 (granting default final judgment in favor of the plaintiff-insurer on its common-law fraud claim where defendants submitted bills to the plaintiff-insurer that misrepresented their entitlement to receive PIP benefits because the healthcare services were either medically unnecessary or never performed); *Quality Diagnostic*, 2019 WL 11687706, at *9 (granting summary judgment on GEICO's common law fraud cause of action based on misrepresentations in examination billing, and misrepresentations regarding "physical therapy" services that were performed by unsupervised massage therapists).

### 4. Count 14 – GEICO's Unjust Enrichment Claims

The undersigned finds that the Complaint also sufficiently states facts to support GEICO's unjust enrichment claims against the Defaulted Defendants.

To state a claim for unjust enrichment, a plaintiff must allege the following: "(1) a benefit [was] bestowed upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) the defendant's acceptance and retention of the benefit; and (4) circumstances making it inequitable for the defendant to retain the benefit without compensating the plaintiff for its value." *A & J Med.*, 2015 WL 4387946 at *4 (citing *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012)).

As described in detail in the Complaint, the Defaulted Defendants received monies from GEICO as a result of their submission of bills for PIP benefits containing fraudulent misrepresentations. The Defaulted Defendants were never eligible to collect PIP benefits because they operated in violation of licensing and operating requirements of the Clinic Act, misrepresented the nature, extent, and results of their examinations, and purported to provide

14

healthcare services to insureds in violation of permanent restrictions on co-Defendant Faderani's medical license.

Therefore, the undersigned finds that GEICO is entitled to default final judgment on its claims for unjust enrichment. *See A & C Med.*, No. 18-cv-24198, Default Final Judgment (Docket No. 181) (S.D. Fla. May 26, 2020) (granting GEICO default judgment on substantially similar unjust enrichment claims based on a similar PIP fraud scheme); *First Care*, 232 F. Supp. 3d at 1268 (granting plaintiff-insurer summary judgment on unjust enrichment claim, where facts in the record demonstrated that healthcare clinic operated in violation of the Clinic Act, and therefore was not eligible to receive PIP benefits in the first instance); *Miami Med.*, 2016 WL 6962872, at \*5 (granting default final judgment on plaintiff's unjust enrichment claims because the defendants knowingly accepted PIP benefits based on bills for services that were not lawfully provided as required by Florida law); *Quality Diagnostic*, 2019 WL 11687706, at \*8 (granting summary judgment on GEICO's unjust enrichment cause of action, based on substantially similar facts, against defendants who accepted and retained PIP benefits they were not entitled to receive); *A & J Med.*, 2015 WL 4387946 at \*4 (granting default final judgment against the defendants on State Farm's unjust enrichment claims for PIP benefits received by the defendants when the defendants provided healthcare services that were not in compliance with Florida law).

### C. Damages

Based on the foregoing, entry of final default judgment against the Defaulted Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure is appropriate. The undersigned finds that the Defaulted Defendants are jointly and severally liable for GEICO's damages. As detailed in the Complaint, the Defaulted Defendants and their co-Defendants

15

acted together to submit the fraudulent PIP billing through Compass to GEICO. Accordingly, joint and several liability is appropriate. *See, e.g.*, *Palterovich*, 653 F. Supp. 2d at 1334 (granting default judgment and imposing joint and several liability against defendants who acted together to submit fraudulent PIP billing, and holding that under Florida law, "[j]oint and several liability exists where two or more wrongdoers negligently contribute to the injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable . . . . In a case such as this, where [d]efendants each filled a defined role in an ongoing fraudulent enterprise that contributed to the damages incurred by [p]laintiffs, it is appropriate to impose joint and several liability") (internal quotations and citation omitted); *A & C Med.*, No. 18-cv-24198, Default Final Judgment (Docket No. 181) (S.D. Fla. May 26, 2020) (granting default judgment and imposing joint and several liability on fraud, unjust enrichment, and FDUTPA claims, where defendants acted together to submit fraudulent PIP billing).

The undersigned also finds that the record adequately supports an award of damages. Based on the Spring Declaration, GEICO is owed $310,555.52 for healthcare services purportedly provided to GEICO's insureds between June 1, 2016 and December 31, 2018. *See* Spring Decl. at ¶ 5. Accordingly, a final default judgment should be entered against the Defaulted Defendants, jointly and severally, and in favor of GEICO for damages in the amount of $310,555.52.

## IV.   CONCLUSION

For all the reasons set forth above, the undersigned finds that the well-pled allegations in the Complaint and the supporting evidence demonstrate that Plaintiffs are entitled to default judgment for declaratory relief and damages.

Accordingly, the undersigned respectfully RECOMMENDS that Plaintiffs' Motion for Default Final Judgment [ECF No. 61] be **GRANTED** as follows:

1. A Final Default Judgment be entered in favor of Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co., and against the Defaulted Defendants, Compass Medical Centers Inc., JB Holdings Group LLC, and Joshua A. Rivera, jointly and severally, for damages in the amount of $310,555.52, plus post-judgment interest at the current statutory rate, for which sum let execution issue; and

2. A Declaratory Judgment be entered against the Defaulted Defendants declaring that Compass Medical Centers Inc. has no right to receive payment for any pending bills submitted to Plaintiffs.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 10th day of November 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Marcia G. Cooke, *U.S. District Judge*
Counsel of Record

18